AO245b (USDC-CT Rev. 9/07)

UNITED STATES DISTRICT COURT

Page 1 | District of Connecticut

UNITED STATES OF AMERICA

vs.

CHRISTOPHER P. GARAND

**JUDGMENT IN A CRIMINAL CASE**

CASE NO. *3:06CR137(CFD)*
USM  NO: *PENDING*

*ERIC J. GLOVER and*
*RAYMOND E. PATRICCO*
Assistant United States Attorneys

*ROBERT J. CLEARY*
Defendant's Attorney

**THE DEFENDANT: was found guilty following trial of counts 1, 8-16 of the superseding indictment.**

Accordingly the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. Section 371 | Conspiracy | January, 2005 | 1 |
| 15 U.S.C. Sections 78j(b) and 78ff; and Title 18 U.S.C. Section 2 | Securities Fraud | March 15, 2004 | 8-10 |
| 15 U.S.C. Sections 78m(a) and 78ff; and Title 18 U.S.C. Section 2 | False Statements to the SEC | March 15, 2004 | 11-13 |
| 18 U.S.C. Section 1341 and 2 | Mail Fraud | April 5, 2004 | 14-16 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of **12** months and **1** day on each count of conviction; all such sentences are concurrent.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **2** years.  The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Condition is imposed:

> **1.  The defendant is prohibited from possessing a firearm or other dangerous weapon.**
>
> **This is a non-guidelines sentence based principally on the defendant's lack of motivation of direct personal gain from his conduct, his personal history and characteristics, his level of participation in the offenses, as well as the other factors set forth in 18 U.S.C. §3553(a).**

Page 2

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows.

**Special Assessment:**   $   1,000.00
**Fine:**                        $150,000.00

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines and special assessments imposed by this judgment, are paid.

The original indictment is dismissed on the motion of the United States.

## JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS

That the defendant serve his term of incarceration at FCI Otisville Camp.

The defendant shall self surrender to the facility designated by the U. S. Bureau of Prisons or to the United States Marshal for the District of Connecticut on **April 22, 2009**.

| | |
|---|---|
| | **March 4, 2009** |
| | Date of Imposition of Sentence |

**Christopher F. Droney**
Christopher F. Droney
United States District Judge
Date:  March 10, 2009

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

Gary Dorsey
Acting United States Marshal

By _____
Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* _____
*ROBERTA D. TABORA, Clerk*
*BY:* _____
      *Deputy Clerk*

AO245b (USDC-CT Rev 3/07)

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

■ (1)    The defendant shall not commit another federal, state or local offense;

■ (2)    The defendant shall not unlawfully possess a controlled substance;

☐ (3)    The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

☐ (4)    The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

■ (5)    If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

■ (6)    The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7)    (A)    In a state in which the requirements of the Sex Offender Registration and Notification Act  (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

       (B)    In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;

■ (8)    The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1)    The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

(14)    The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.  Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____

       **Defendant**

_____
**Date**

_____

**U.S. Probation Officer/Designated Witness**

_____
**Date**